STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office
SEAN D. PETERSON (Cal. Bar No. 274263)
Assistant United States Attorney
Riverside Branch Office
    3403 10th Street, Suite 200
    Riverside, California 92501
    Telephone: (951) 276-6930
    Facsimile: (951) 276-6202
    E-mail:   sean.peterson2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

> **FILED**
> CLERK, U.S. DISTRICT COURT
> 09/07/2022
> CENTRAL DISTRICT OF CALIFORNIA
> BY: _____ AP _____ DEPUTY

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>KEVIN SUMMERS,<br><br>    Defendant. | ED CR No. 5:22-cr-00216-SSS<br><br>PLEA AGREEMENT FOR DEFENDANT KEVIN SUMMERS |

    1.   This constitutes the plea agreement between KEVIN SUMMERS ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

### DEFENDANT'S OBLIGATIONS

    2.   Defendant agrees to:

a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a one-count information, in the form attached to this agreement as Exhibit A or a substantially similar form, that charges defendant with concealment and retention of stolen government property in excess of $1,000 in violation of 18 U.S.C. § 641.

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   At or before the time of sentencing, make a prejudgment payment by delivering a certified check or money order to the Fiscal Clerk of the Court in the amount of $3,479.20 to be applied to satisfy defendant's anticipated criminal debt.  Payments may be made to the Clerk, United States District Court, Fiscal

Department, 255 East Temple Street, Room 1178, Los Angeles, California 90012.

i.   Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

j.   Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012.  Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

k.   Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

l.   Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

<u>THE USAO'S OBLIGATIONS</u>

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

3

            c.   At the time of sentencing, provided that defendant
demonstrates an acceptance of responsibility for the offense up to
and including the time of sentencing, recommend a two-level reduction
in the applicable Sentencing Guidelines offense level, pursuant to
U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
additional one-level reduction if available under that section.

            d.   Except for criminal tax violations (including
conspiracy to commit such violations chargeable under 18 U.S.C.
§ 371), not further criminally prosecute defendant for violations of
18 U.S.C. § 641 arising out of defendant's conduct described in the
agreed-to factual basis set forth in paragraph 14 below.  Defendant
understands that the USAO is free to criminally prosecute defendant
for any other unlawful past conduct or any unlawful conduct that
occurs after the date of this agreement.  Defendant agrees that at
the time of sentencing the Court may consider the uncharged conduct
in determining the applicable Sentencing Guidelines range, the
propriety and extent of any departure from that range, and the
sentence to be imposed after consideration of the Sentencing
Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

            e.   Recommend that defendant be sentenced to a term of
imprisonment no higher than the low end of the applicable Sentencing
Guidelines range, provided that the offense level used by the Court
to determine that range is 12 or higher and provided that the Court
does not depart downward in offense level or criminal history
category.  For purposes of this agreement, the low end of the
Sentencing Guidelines range is that defined by the Sentencing Table
in U.S.S.G. Chapter 5, Part A.

1

NATURE OF THE OFFENSE

2   4.   Defendant understands that for defendant to be guilty of

3   the crime charged in count one, that is, concealment and retention of

4   stolen government property in excess of $1,000, in violation of Title

5   18, United States Code, Section 641, the following must be true:

6   First, defendant knowingly concealed and retained property of value;

7   second, the property belonged to the United States; third, the

8   defendant knew that the property had been stolen; fourth, the

9   defendant intended to convert the property to his own use or gain;

10  and fifth, the value of the property was more than $1,000.

11

PENALTIES AND RESTITUTION

12  5.   Defendant understands that the statutory maximum sentence

13  that the Court can impose for a violation of Title 18, United States

14  Code, Section 641 is: ten years' imprisonment; a three-year period of

15  supervised release; a fine of $250,000 or twice the gross gain or

16  gross loss resulting from the offense, whichever is greatest; and a

17  mandatory special assessment of $100.

18  6.   Defendant understands that defendant will be required to

19  pay full restitution to the victim of the offense to which defendant

20  is pleading guilty.  Defendant agrees that, in return for the USAO's

21  compliance with its obligations under this agreement, the Court may

22  order restitution to persons other than the victim of the offense to

23  which defendant is pleading guilty and in amounts greater than those

24  alleged in the count to which defendant is pleading guilty.  In

25  particular, defendant agrees that the Court may order restitution to

26  any victim of any of the following for any losses suffered by that

27  victim as a result: (a) any relevant conduct, as defined in U.S.S.G.

28  § 1B1.3, in connection with the offense to which defendant is

5

pleading guilty; and (b) any charges not prosecuted pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those charges.  The parties currently believe that the applicable amount of restitution is approximately $3,479.20, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

7.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated

collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

10.   Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

1    Beginning on an unknown date, but no later than January 11,
2    2019, and continuing through March 13, 2020, defendant, a Bureau of
3    Prisons ("BOP") Automotive Work Supervisor at the Federal
4    Correctional Complex in Victorville, California ("FCC Victorville"),
5    abused his position of trust as a BOP employee to steal government
6    property valued in excess of $1,000, and to knowingly conceal and
7    retain stolen government property valued in excess of $1,000,
8    intending to convert the property to his own use or gain.
9    Defendant abused his position of trust by directing an inmate
10   worker at the UNICOR factory located at FCC Victorville to
11   manufacture equipment from BOP owned materials, and to refurbish BOP
12   owned equipment, for defendant's personal use.  Defendant would then
13   take the items manufactured or refurbished by the inmate home with
14   him, sometimes concealing the items in his bag, and in the case of
15   larger equipment, having inmate workers load the equipment on his
16   pickup truck.  Defendant rewarded the inmate worker for manufacturing
17   and refurbishing items requested by defendant by falsely crediting
18   the inmate worker for work that the inmate did not actually perform,
19   among other means of reward.
20   As of March 13, 2020, when federal law enforcement agents
21   executed a search warrant at his personal residence, agents found
22   defendant to be in possession of at least 79 separate types of items
23   that were stolen government property, which defendant knew had been
24   stolen, and concealed and retained at his residence.  This stolen
25   property collectively was valued at approximately $33,600.73.  One of
26   those items was a Starrett 81 piece gage block set valued at over
27   $4,000.  Other items included: multiple drill bits, a Starett 0-inch
28   to 6-inch micrometer set, two Miller Spectrum 2050 Plasma Cutting

Systems, a Miller Econotig AC/DC Welding Power Source, a RotoZip RotoSaw, multiple SawZall blades, eight hand-crafted steel flowers, three hand-crafted steel butterflies, a metal Halloween stencil, two metal snowmen stencils, two quarter inch steel plate metal cubes, a metal cart, two diamond plate metal storage boxes with trays, a fabricated metal two-level wheeled table, two rotating metal stands (one of which was embossed with defendant's last name), a three-legged metal stand, a metal dual cup holder, a metal single cup holder, an 800-watt inverter, a ratchet strap, a compressor, a fuel assembly, assorted Mac Motor parts, high and low pressure switches, module de-icer defrosters, numerous light fixtures, numerous light bulbs, Rosin core solder, numerous electrodes, numerous welding parts, and numerous metal and electrical parts (e.g., different types of wires, fuses, nuts, bolts, washers, screws, rings, shrink wrap, hose connectors, wire harness clamps, etc.), and assorted metal wire and metal plates.

In addition to knowingly and willfully concealing and retaining stolen government property at his residence, defendant sold stolen metal owned by BOP as scrap metal to third parties.  Between January 11, 2019 and February 17, 2020, defendant received approximately $3,479.20 for various types of copper wires and tubes that defendant took from BOP and sold to Ecology Recycling.

<u>SENTENCING FACTORS</u>

11.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the

Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 6 | U.S.S.G. § 2B1.1(a)(2) |
| Greater than $15,000: | +4 | U.S.S.G. § 2B1.1(b)(1)(C) |
| Abuse of Position of Trust | +2 | U.S.S.G. § 3B1.3 |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  In particular, the USAO believes that a two-level upward adjustment for receiving stolen property pursuant to U.S.S.G. § 2B1.1(b)(4) may apply in this case.

13.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

15.  Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.  The right to persist in a plea of not guilty.

    b.  The right to a speedy and public trial by jury.

c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e. The right to confront and cross-examine witnesses against defendant.

f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

16. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that

the statement of facts provided herein is insufficient to support defendant's plea of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE
### AND WAIVER OF COLLATERAL ATTACK

17.  Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 16 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $3,479.20; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Defendant understands that this waiver includes, but is

12

not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

19.  The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 6 months, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $3,479.20.

RESULT OF WITHDRAWAL OF GUILTY PLEA

20.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

1          EFFECTIVE DATE OF AGREEMENT

2      21.  This agreement is effective upon signature and execution of

3  all required certifications by defendant, defendant's counsel, and an

4  Assistant United States Attorney.

5          BREACH OF AGREEMENT

6      22.  Defendant agrees that if defendant, at any time after the

7  signature of this agreement and execution of all required

8  certifications by defendant, defendant's counsel, and an Assistant

9  United States Attorney, knowingly violates or fails to perform any of

10  defendant's obligations under this agreement ("a breach"), the USAO

11  may declare this agreement breached.  All of defendant's obligations

12  are material, a single breach of this agreement is sufficient for the

13  USAO to declare a breach, and defendant shall not be deemed to have

14  cured a breach without the express agreement of the USAO in writing.

15  If the USAO declares this agreement breached, and the Court finds

16  such a breach to have occurred, then: (a) if defendant has previously

17  entered a guilty plea pursuant to this agreement, defendant will not

18  be able to withdraw the guilty plea, and (b) the USAO will be

19  relieved of all its obligations under this agreement.

20      23.  Following the Court's finding of a knowing breach of this

21  agreement by defendant, should the USAO choose to pursue any charge

22  that was either dismissed or not filed as a result of this agreement,

23  then:

24          a.  Defendant agrees that any applicable statute of

25  limitations is tolled between the date of defendant's signing of this

26  agreement and the filing commencing any such action.

27          b.  Defendant waives and gives up all defenses based on

28  the statute of limitations, any claim of pre-indictment delay, or any

14

speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

24.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

25.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it

15

chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

26.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

27.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

1   <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2       28.   The parties agree that this agreement will be considered

3   part of the record of defendant's guilty plea hearing as if the

4   entire agreement had been read into the record of the proceeding.

5   AGREED AND ACCEPTED

6   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
7   CALIFORNIA

8   TRACY L. WILKISON
    United States Attorney

9

10  _____        08/25/2022
    SEAN D. PETERSON                       Date
11  Assistant United States Attorney

12  _____        8-15-2022
    KEVIN SUMMERS                          Date
13  Defendant

14  _____        8-15/11
    MATTHEW J. SINGER                      Date
15  Attorney for Defendant
    KEVIN SUMMERS

16

17

18

19

20

21  <u>CERTIFICATION OF DEFENDANT</u>

22      I have read this agreement in its entirety.  I have had enough

23  time to review and consider this agreement, and I have carefully and

24  thoroughly discussed every part of it with my attorney.  I understand

25  the terms of this agreement, and I voluntarily agree to those terms.

26  I have discussed the evidence with my attorney, and my attorney has

27  advised me of my rights, of possible pretrial motions that might be

28  filed, of possible defenses that might be asserted either prior to or

                                    17

1 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

2 of relevant Sentencing Guidelines provisions, and of the consequences

3 of entering into this agreement.  No promises, inducements, or

4 representations of any kind have been made to me other than those

5 contained in this agreement.  No one has threatened or forced me in

6 any way to enter into this agreement.  I am satisfied with the

7 representation of my attorney in this matter, and I am pleading

8 guilty because I am guilty of the charge and wish to take advantage

9 of the promises set forth in this agreement, and not for any other

10 reason.

11

12 _____          8-15-2022
   KEVIN SUMMERS                                Date
   Defendant

13

14

15

16                    CERTIFICATION OF DEFENDANT'S ATTORNEY

17      I am KEVIN SUMMERS's attorney.  I have carefully and thoroughly

18 discussed every part of this agreement with my client.  Further, I

19 have fully advised my client of his rights, of possible pretrial

20 motions that might be filed, of possible defenses that might be

21 asserted either prior to or at trial, of the sentencing factors set

22 forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

23 provisions, and of the consequences of entering into this agreement.

24 To my knowledge: no promises, inducements, or representations of any

25 kind have been made to my client other than those contained in this

26 agreement; no one has threatened or forced my client in any way to

27 enter into this agreement; my client's decision to enter into this

28 agreement is an informed and voluntary one; and the factual basis set

                                   18

forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          8/22/22
MATTHEW J. SINGER                        Date
Attorney for Defendant
KEVIN SUMMERS

# Exhibit A

1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9               FOR THE CENTRAL DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,          ED CR No.

11           Plaintiff,                 I N F O R M A T I O N

12           v.                         [18 U.S.C. § 641: Concealment and
                                        Retention of Stolen Government
13   KEVIN SUMMERS,                     Property in Excess of $1,000]

14           Defendant.

15

16       The Acting United States Attorney charges:

17                       [18 U.S.C. § 641]

18       On or about March 13, 2020, in San Bernardino County, within the

19   Central District of California, and elsewhere, defendant KEVIN

20   SUMMERS knowingly and willfully concealed and retained, with the

21   intent to convert to his own use and gain, a thing of value of the

22   United States Bureau of Prisons, a department and agency of the

23   ///

24   ///

25

26

27

28

1  United States, having a value in excess of $1,000, namely a Starrett

2  81 piece gage block set valued at over $4,000, which defendant

3  SUMMERS knew had been stolen, purloined, and converted.

4

5                                    STEPHANIE S. CHRISTENSEN
                                     Acting United States Attorney
6

7

8                                    SCOTT M. GARRINGER
                                     Assistant United States Attorney
9                                    Chief, Criminal Division

10                                   SEAN D. PETERSON
                                     Assistant United States Attorney
11                                   Riverside Branch Office

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28